UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ROBERT SPANN,                       :
                                    :
        Plaintiff,                  :   Civ. No. 15-1561 (NLH)
                                    :
    v.                              :   OPINION
                                    :
MS. LACROCE,                        :
                                    :
        Defendant.                  :
_____:

APPEARANCES:
Robert Spann, #291048C/834319
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    Plaintiff Pro se

Plaintiff Robert Spann, an inmate currently confined at South Woods State Prison in Bridgeton, New Jersey, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 1, 2015, the Court granted Plaintiff's application to proceed in forma pauperis and noted that summons would not issue until such time as the Court completed its sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

The Court has reviewed Plaintiff's Complaint and, for the reasons set forth below, the Complaint will be dismissed for failure to state a claim.

### I. BACKGROUND

Plaintiff's Complaint is premised upon the assertion that he was fired from his prison job at South Woods State Prison because he refused to cut his hair.  No other factual information regarding the circumstances of his termination is provided and it is unclear in what capacity he was employed.  Plaintiff indicates that Ms. Lacroce, whom Plaintiff explains is a "psychiatric employer for state," told Plaintiff that he must cut his hair or he could not "work in her department anymore[.]" (Compl. 4-5, ECF No. 1).  Plaintiff then alleges that Ms. Lacroce violated his rights by "being very personal and bias prejudice, conflict of interest, sadistically, cruel, and intertained [sic] role of discrimination." (Compl. 5, ECF No. 1).  Plaintiff seeks damages in the amount of $600,000.00.

### II. STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

## I.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

>       injured in an action at law, suit in equity, or other
>       proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## II.   ANALYSIS

As an initial matter, Plaintiff does not assert a specific cause of action.  Presumably, he is alleging a violation of his constitutional rights based on his employment termination. Also, due to the language of his Complaint in which he alleges that Ms. Lacroce is "bias[ed] and prejudice[d]" (Compl. 5, ECF No. 1), it appears that Plaintiff may be asserting a discrimination claim.

However, even construing Plaintiff's pro se submission liberally, there are no factual allegations present in the Complaint which could form the basis of a cause of action under § 1983.  As noted above, basic information is absent from the Complaint.  Among other things, it is unclear in what capacity Plaintiff was employed, when he was told to cut his hair, the date of his termination, who exactly terminated him, and how his

termination for failure to cut his hair resulted in, or stemmed from, the discrimination he alleges.

### A. Loss of Employment

To the extent that Plaintiff is attempting to assert a claim for loss of employment, he has failed to allege a constitutional violation. The Court of Appeals for the Third Circuit has stated, "We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause." Bryan v. Werner, 516 F.2d 233, 240 (1975), citing Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); see also Mestre v. Dombrowski, 566 F. App'x 109, 110 (3d Cir. 2014) (finding that prisoner had no constitutionally protected interest in his prison job); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989) ("Traditionally, prisoners have had no entitlement to a specific job, or even to any job.").

Therefore, to the extent the Complaint is premised solely on his termination from employment, Plaintiff has failed to allege a constitutional violation and his Complaint will be dismissed.

### B. Discrimination

Plaintiff implies in his Complaint that he may have been subject to some type of discrimination by Ms. Lacroce, although

the exact basis for the discrimination (race, religion, gender, etc.) is not alleged.  Plaintiff merely asserts that his rights were violated "on the matter of [Ms. Lacroce] being very personal and bias prejudice, conflict of interest, sadistically, cruel, and intertained [sic] role of discrimination." (Compl. 5, ECF No. 1).  Without more facts, the Court cannot discern the contours of the underlying right which Plaintiff alleges was violated. See Nicini v. Morra, 212 F.3d 798, 806 (2000) (en banc) (internal citation and quotation marks omitted) ("The first step in evaluating a section 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all.").  Accordingly, Plaintiff fails to state a claim for which relief can be granted.

## V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim under § 1983, the Court will grant Plaintiff leave to file an application to

re-open accompanied by a proposed amended complaint.[1] See Denton, 504 U.S. 25; Grayson, 293 F.3d 103.

An appropriate Order follows.

          ___s/ Noel L. Hillman_____
          NOEL L. HILLMAN
          United States District Judge

Dated: June 11, 2015
At Camden, New Jersey

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.